**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   PRIMEGUARD INSURANCE COMPANY,
     LTD. and                                        No. C 02-748 JSW
11   1SOURCEAUTOWARRANTY.COM,

12              Plaintiffs,                           **AMENDED ORDER DENYING**
                                                     **PLAINTIFFS' MOTION FOR**
13        v.                                         **LEAVE TO AMEND**

14   HARRY W. LOW, Insurance Commissioner of
     the State of California; CALIFORNIA
15   DEPARTMENT OF INSURANCE; JON A.
     TOMASHOFF,
16
                Defendants.
17   _____/

18

19        Now before the Court is the motion for leave to amend filed by plaintiffs Primeguard

20   Insurance Company, Inc, and 1SourceAutoWarranty.com ("Plaintiffs"). The Court finds that this

21   matter is appropriate for disposition without oral argument and the matter is deemed submitted.

22   *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for December 9, 2005 is VACATED.

23   Having carefully considered the parties' arguments and relevant legal authority, the Court

24   hereby DENIES the Plaintiffs' motion for leave to amend.

25        Plaintiffs seek to allege new legal theories under the Commerce Clause and the Equal

26   Protection Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiffs

27   already allege violations of the Commerce Clause and Equal Protection Clause in the amended

28   complaint they filed on September 18, 2002.  According to Plaintiffs, the California Department

of Insurance ("CDOI") has a "special project" wherein it pursues only out-of-state companies doing business over the internet for compliance with California Insurance Code § 116(d). (Amended Complaint (Docket No. 43), ¶ 23.) Plaintiffs contend that the alleged selective enforcement violates the Equal Protection Clause. (*Id*. at ¶ 28.) Plaintiffs also contend that the alleged selective enforcement and Defendants' enforcement of provisions of the California Insurance Code outside of the boundaries of California violates the Commerce Clause. (*Id*. at ¶¶ 29-30.)

In their proposed second amended complaint, Plaintiffs seek to allege additional theories of constitutional violations. Plaintiff seeks to allege that California Insurance Code § 116(d) violates the Equal Protection Clause by conferring a monopoly on California automobile dealers to sell vehicle service agreements for economic protectionist purposes. (Proposed Second Amended Complaint attached to the Declaration of Stephen A. Barber ("Proposed SAC"), ¶¶ 31, 50.) Additionally, Plaintiff seeks to allege that Defendants are violating the Commerce Clause by enforcing California Insurance Code § 116(d) to prohibit internet sellers of vehicle service agreements from selling directly to California consumers. (*Id*. at ¶¶ 36, 53.)

Under the liberal notice pleading of Federal Rule of Civil Procedure 8(a), a plaintiff only needs to give fair notice of its claim so that the defendant can respond. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). Moreover, a complaint need not allege all the legal theories on which recovery is being sought. *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995). Plaintiffs' motion for leave to amend and Proposed SAC provide Defendants notice of their additional legal theories. The Court concludes that given the liberal pleading standards, it is not necessary for Plaintiffs to formally file another amended complaint. Defendants and the Court can address Plaintiffs legal theories without such an amended pleading. Moreover, the Court concludes that allowing amendment would further delay this case which was filed close to four years ago. Accordingly, the Court DENIES Plaintiffs's motion for leave to amend.

Also pending before the court is Defendants motion to dismiss or, in the alternative, for summary judgment. Although this motion already fully briefed, Defendants have not had an opportunity to brief the legal theories Plaintiffs raised in its motion for leave to amend and

United States District Court
For the Northern District of California

2

1  Proposed SAC.  Therefore, the Court ORDERS that Defendants shall file an amended motion to
2  dismiss, or in the alternative for summary judgment, by no later than December 9, 2005.
3  Plaintiffs shall file an opposition to Defendants' amended motion by no later than December 23,
4  2005.  Defendants shall file an amended reply by no later than December 30, 2005.  The Court
5  HEREBY CONTINUES Defendants' motion from January 6, 2006 to January 13, 2006.   The
6  Court FURTHER ORDERS that the Case Management Conference currently set for December
7  9, 2005 is CONTINUED to January 13, 2006 immediately following the hearing on Defendants'
8  motion at 9:00 a.m.

9          **IT IS SO ORDERED.**

10

11  Dated: November 21, 2005

12                                                    JEFFREY S. WHITE
                                                      UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California